# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| ALLA IOSIFOVNA SHUPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket no. 2:14-cv-00489-GZS |
| | ) | |
| SAMUEL CADY, M.D., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER ON ALL PENDING MOTIONS

**1.    Application To Proceed *In Forma Pauperis***

Before the Court are Plaintiff Alla Iosifovna Shuper's Applications to Proceed *In Forma Pauperis* (ECF Nos. 5, 12 & 16). The Court hereby GRANTS Plaintiff leave to proceed *in forma pauperis* in this action.

**2.    Motion To Change The Name Of The Defendant**

Also before the Court is Plaintiff Shuper's Motion to Change the Name of the Defendants (ECF Nos. 19 & 20) to Robert Samuel Cady, M.D. and Maine Eye Center, which is GRANTED.

**3.    Motions For Reconsideration**

Also before the Court are two Motions for Reconsideration (ECF Nos. 3 & 4) and the Motion to Amend the Motion for Reconsideration (ECF No. 6). All of these Motions pertain to the Court's November 18, 2014 Order requesting that Plaintiff either pay the filing fee or file a request to proceed *in forma pauperis* in each of her docketed cases. (See Order (ECF No. 2).) In light of the Court's decision to grant Plaintiff's request to proceed *in forma pauperis*, the Court

finds all of these requests for reconsideration (ECF Nos. 3, 4 & 6) MOOT.[1] The Court notes that similar motions for reconsideration were filed in each of Plaintiff's then twenty-four cases.[2]

3. **Appeal To The Chief Judge**

Plaintiff Shuper has also filed an Appeal to the Chief Judge (ECF No. 7). To the extent that Plaintiff Shuper is appealing the Court's November 18, 2014 Order to the Chief Judge, there is no such right to appeal to the Chief Judge, and it is therefore DENIED. As with the Motion for Reconsideration and the Motion to Amend the Motion for Reconsideration, *pro se* Plaintiff Shuper's Appeal to the Chief Judge was filed in each of her then twenty-four cases.

4. **Change In *Pro Se* Filing Status**

Plaintiff Shuper has also filed a Motion to Accept the Change in *Pro Se* Filing, thereby requesting that she be permitted to file documents manually rather than electronically (ECF No. 9). The Court GRANTS the Motion, which has also been filed in each of her cases.

5. **Review Of The Complaint Under 28 U.S.C. § 1915(e)(2)**

Upon the Court's review of the Complaint, the Court concludes that the case must be dismissed in accordance with 28 U.S.C. § 1915(e)(2). Through the handwritten Complaint, Plaintiff Shuper attempts to bring a case against Samuel Cady, M.D. and Maine Eye Center.

The Complaint alleges that Dr. Cady was Plaintiff Shuper's ophthalmologist from 2008 or 2010 until 2013 and that he determined that Plaintiff Shuper has a thin cornea and that the nerves in her eyes are "a little suspicious." (Compl. (ECF No. 1) at 1.) The Complaint alleges that despite the diagnoses, Dr. Cady: (1) only scheduled appointments once per year (id. ¶ 1); (2) told her to

---

[1] The Court also notes that Plaintiff Shuper has filed an interlocutory appeal with regard to the Court's November 18, 2014 Order. (See Interlocutory Appeal (ECF No. 10).)

[2] Since November 12, 2014, Plaintiff Shuper has filed twenty-five complaints with this Court. However, Shuper v. Falmouth Memorial Library, 2:14-cv-00506-GZS, was not filed by Plaintiff Shuper until November 25, 2014, after she filed the Motion for Reconsideration and the Motion to Amend the Motion for Reconsideration on November 19 and 20, 2014.

use warm water on her infected eyes (id. ¶ 2); (3) did not tell her to use special, antibacterial tissues (id. ¶ 3); (4) asked why she was no longer a patient of a particular doctor (id. ¶ 4); (5) did not transfer her records to a particular doctor (id. ¶ 5); (6) did not indicate in her records that she had a thin cornea (id. ¶ 6); (7) did not mail requested documents even though Plaintiff Shuper signed a release (id. ¶ 7); and (8) did not fax her records to a particular doctor (id. ¶ 8). For relief, the Complaint requests $100,000. The Complaint does not indicate any legal theory or statute under which Plaintiff Shuper may be asserting her claims.

Liberally construing the Complaint, the Court cannot see any claim against the named Defendants. First, to the extent that Plaintiff Shuper asserts a claim for violations of 42 U.S.C. § 1983, in order to be held liable under § 1983, a defendant must be a state actor. Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4 (1st Cir. 2005) (stating that "a plaintiff claiming a § 1983 violation must allege that a person or persons acting under color of state law deprived him of a federal constitutional or statutory right. . . . If the plaintiff fails to allege facts sufficient to establish . . . that the defendant or defendants acted under color of state law, then the § 1983 claim is subject to dismissal. (internal citations omitted).) Plaintiff Shuper does not allege that either of the Defendants are state actors nor do the facts support such a finding. See id. at 4-9 (finding that a private hospital, private healthcare services provider and private physicians were not state actors and could not be held liable under section 1983). Therefore, the Complaint does not state a claim under § 1983.

The Complaint also fails to state a claim for a violation of the Americans with Disabilities Act ("ADA"). "As an initial step in making out any ADA claim, the Plaintiff must establish that [s]he is a person with a 'disability.'" Bailey v. Georgia-Pac. Corp., 176 F. Supp. 2d 3, 7 (D. Me. 2001) aff'd on other grounds, 306 F.3d 1162 (1st Cir. 2002). The Complaint does not allege that

3

Plaintiff Shuper is disabled or that any actions were taken on the basis of that disability. Even assuming that Plaintiff sufficiently alleged that she was disabled, the Complaint would still fail to state a claim under the ADA. Title II of the ADA applies to public entities alone. See 42 U.S.C. § 12132. A "public entity" is a "department, agency, special purpose district, or other instrumentality of a State or States or local government." Id. Plaintiff Shuper does not contend that either of the Defendants, one of whom is an individual, are public entities, and the facts do not support such a finding.

Title III of the ADA applies to places of "public accommodation" and provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation[.]" 42 U.S.C. § 12182(a). An individual cannot use the ADA to challenge medical treatment decisions, which form the basis of the Complaint in this case. Ruffin v. Rockford Memorial Hosp., 181 Fed. Appx. 582, 585 (7th Cir. 2006) (stating that the ADA does not impose liability for the deprivation of benefits equal to those received by persons with other disabilities or inappropriate medical treatment). Finally, Title III provides a remedy only to an individual "who *is being subjected* to discrimination on the basis of disability in violation of this subchapter or who has reasonable grounds for believing that such person *is about to be subjected* to discrimination in violation of section 12183 of this title." 42 U.S.C. § 12188(a)(1) (emphasis added). In short, Title III does not apply to the Complaint, which concerns solely past events and seeks money damages. See Ruffin, 181 Fed. Appx. at 585 (finding that the plaintiff failed to state a claim under Title III of the ADA where the Complaint concerned past events and sought only money damages). Therefore, the Court concludes that the Complaint fails to state a claim under the ADA.

The Complaint also fails to state a claim for violations of the Maine Human Rights Act ("MHRA") because the Court's analysis of the ADA claim applies with equal force to a MHRA claim. Bilodeau v. Mega Indus., 50 F. Supp. 2d 27, 32 (D. Me. 1999) ("In analyzing the ADA and MHRA, the Court need not continuously distinguish between the two statutes as to their scope and general intent because Maine courts consistently look to federal law in interpreting state anti-discriminatory statutes." (citations omitted)).

To the extent that the Complaint could be construed to assert any state-based tort claims, the Court declines to exercise supplemental jurisdiction over those claims. See 28 U.S.C § 1367(c)(3); Keenan v. Int'l Ass'n of Machinists & Aerospace Workers, 632 F. Supp. 2d 63, 72 (D. Me. 2009) (declining to exercise supplemental jurisdiction over state-law claims after the federal claims were dismissed).

In accordance with 28 U.S.C. § 1915(e)(2), the Court readily finds the present Complaint is frivolous and fails to state any cognizable claim. Therefore, the Complaint must be DISMISSED.

**8.     Motion For Leave To Appeal** *In Forma Pauperis*

Finally, before the Court is Plaintiff Shuper's Motion for Leave to Appeal *In Forma Pauperis* (ECF No. 11). Through Plaintiff Shuper's Motion, she asks this Court to excuse her from paying the filing fees in connection with her November 28, 2014 Notice of Appeal (ECF No. 10). The Court believes that Plaintiff Shuper's November 28, 2014 Notice of Appeal is premature and improper given the procedural posture of her case. As a result, the Court concludes that the present appeal is not taken in good faith as required under 28 U.S.C. § 1915(a)(3) & F.R.A.P. 24(a)(2) & (4). For this reason, the Court DENIES the Motion for Leave to Appeal *In Forma Pauperis* (ECF No. 11).

**9.    Conclusion**

The Clerk is directed to DISMISS this action and mail a copy of this Order to Plaintiff Shuper. Additionally, the Court certifies that any appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 4th day of December, 2014.